## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LYNETT S. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket No. 2:20-cv-00019-NT |
| | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before me is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("**Def.'s Mot.**") (ECF No. 33). For the reasons stated below, the motion to dismiss is **GRANTED**.

## BACKGROUND

In September 2017, Plaintiff Lynett Wilson was suspended from her position at the Medical Center in Augusta, Maine, run by the U.S. Department of Veterans Affairs. Compl. ¶ 1 (ECF No. 29). Ms. Wilson appealed this suspension to the Merit Systems Protection Board ("**MSPB**"), which denied her claim. Compl. ¶ 3. And on August 19, 2019, Ms. Wilson appealed this MSPB decision to the U.S. Court of Appeals for the Federal Circuit. Notice of Docketing (ECF No. 1-2).

The Defendant moved to dismiss or transfer the case from the Federal Circuit to this Court, arguing that because Ms. Wilson alleged, in part, a discrimination claim, her appeal contained "mixed claims" that were properly appealed to a district court rather than the Federal Circuit. Mot. to Dismiss or Transfer for Lack of

Jurisdiction 1, 5–7 (ECF No. 1-20). Ms. Wilson opposed the motion, insisting that she had "waive[d] her discrimination claim to the extent required for this Court to exercise jurisdiction and [that] transfer or dismissal [was] inappropriate." Pet'r's Obj. to Resp't's Mot. to Dismiss or Transfer 3 (ECF No. 1-21). The Federal Circuit acknowledged Ms. Wilson's contention that "she only [sought] review of the Board's dismissal for lack of jurisdiction" but found that doing so "would require the court to consider the merits of her discrimination claim, which [was] beyond [its] jurisdiction." *Wilson v. Dep't of Veterans Affs.*, No. 19-2283, slip op. at 2 (Fed. Cir. Jan. 17, 2020). The Federal Circuit thus ordered that the case be transferred to this Court. *Id.*

After some proceedings in this Court that are not germane to this Order, Ms. Wilson filed an unopposed motion to send her case back to the Federal Circuit. Appellant's Unopposed Mot. to Remand to U.S. Court of Appeals for the Federal Circuit (ECF No. 21). I granted this motion, finding that Ms. Wilson had "clearly indicated that [s]he is bringing no claim of discrimination to this court" and that I therefore lacked jurisdiction. Order (ECF No. 22).

Once again before the Federal Circuit, Ms. Wilson informed the court that she believed that her case was "erroneously transferred to the District of Maine to dampen her desire to proceed with this case." Pet'r's Statement of How She Believes this Case Should Proceed, No. 19-2283, at 3 (Fed. Cir. ECF No. 22-1). In light of this filing, the Federal Circuit concluded:

> While a petitioner in a mixed case can ordinarily decide to abandon a discrimination claim to seek review of only the personnel action in this court, here that would leave nothing for this court to review: she would

lack any allegation capable of supporting her claim that her absence
from work was the result of improper acts by the agency.

*Wilson v. Dep't of Veterans Affs.*, No. 19-2283, slip op. at 2–3 (Fed. Cir. Sept. 25, 2020).

The court thus concluded that because the Plaintiff, "who ha[d] been represented by

counsel through the entirety of the proceedings, effectively pled herself out of" the

district court, the interests of justice warranted outright dismissal rather than

transferring the case back to this Court, "given her continued refusal to proceed with

the claim in that proper forum." *Id.*

The Plaintiff next sought to have the Federal Circuit vacate its prior order. She

acknowledged that she had sought to abandon her discrimination claims, claiming

that she thought that if she had done so, then the Federal Circuit would have

jurisdiction over her case. Unopposd [sic] Mot. to Vacate, Modify or Otherwise Change

the Order Dismissing the Appeal and for Other Relief ("**Pl.'s Mot.**"), No. 19-2283, at

2–3 (Fed. Cir. ECF No. 28). However, the Plaintiff acknowledged that she was

incorrect and contended that the interests of justice warranted that the case be

transferred back to this Court. Pl.'s Mot. 3–6. The Federal Circuit obliged, vacating

its prior order and transferring the case back to this Court. *Wilson v. Dep't of Veterans*

*Affs.*, No. 19-2283, slip op. at 2 (Fed. Cir. Nov. 17, 2020).

With the case now returned to this Court (and with the parties now agreeing

that it should stay here), on December 18, 2020, the Plaintiff filed a four-count

Complaint and Administrative Appeal (the "**Complaint**"), asserting disability

discrimination and retaliation claims (Counts One and Two), a whistleblower claim

(Count Three), and a claim of procedural error (Count IV). Compl. & Admin. Appeal

(ECF No. 29). On February 23, 2021, the Defendant moved to dismiss the Complaint. Def.'s Mot. (ECF No. 33).

## ANALYSIS

The Defendant argues that the entire Complaint should be dismissed for two primary reasons: (1) the Court lacks subject matter jurisdiction to decide this case because the Plaintiff waived her discrimination claim (which was the only basis for this Court's jurisdiction), and (2) the Complaint is untimely and equitable tolling is not warranted.[1] Def.'s Mot. 9–15. The Plaintiff only cursorily addresses the argument that she waived her discrimination claim, and she offers no response to the timeliness argument. Pl.'s Obj. & Resp. to Def.'s Mot. to Dismiss ("**Pl.'s Opp'n**") (ECF No. 37).

As to subject matter jurisdiction, the Defendant argues that this Court lacks subject matter jurisdiction because the Plaintiff "has clearly and repeatedly waived her discrimination claim, both before this Court and in the Federal Circuit." Def.'s Mot. 9. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [she] may not thereafter, simply because [her] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by [her]." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). This includes holding a party to a prior argument that a court lacked jurisdiction to

---

[1]     The Defendant also argues that Count II of the Complaint was not properly exhausted and that Counts II through IV of the Complaint fail to state a claim. Def.'s Mot. to Dismiss 15–20 (ECF No. 33). Because I rely on timeliness and lack of subject matter jurisdiction, I need not address any of the Defendant's remaining arguments.

hear her case. *See Valentine-Johnson v. Roche*, 386 F.3d 800, 811–12 (6th Cir. 2004) (finding that the Air Force was judicially estopped from arguing in district court that the plaintiff's case should be heard before the MSPB after previously arguing before the MSPB that her case should be heard in district court).

The Plaintiff responds to the Defendant's jurisdictional argument with a single, confusing sentence: "The Defendant erroneously argues Plaintiff 'pled she [sic] out of court by abandoning her discrimination claims' jurisdiction [sic] as in her Federal Circuit Motion to Remand (MTR) back to the jurisdiction of [sic] District of Maine." Pl.'s Opp'n 5 (footnote omitted). The Plaintiff never explains *why* the Defendant's argument is erroneous or even whether her disagreement is a factual or a legal one. Stating one's strong disagreement with an argument is insufficient to preserve an argument for resolution. *See González-Bermúdez v. Abbott Lab'ys P.R. Inc.*, 990 F.3d 37, 46–47 (1st Cir. 2021).

As to timeliness, the Defendant points out that the Plaintiff was required to file any appeal of the MSPB decision that involved claims of discrimination in this Court by July 20, 2019, but she did not file her Complaint until December 18, 2020. Def.'s Mot. 10–12. The Defendant also argues that no equitable tolling exception applies, Def.'s Mot. 10–15 ("Notwithstanding any other provision of law, any such case (of discrimination) filed under any such section must be filed within 30 days after the date the individuals filing the case received notice of the judicially reviewable action under such section 7702." (quoting 5 U.S.C. § 7703(b)(2))). The Plaintiff makes no response to this argument.

5

When arguing its position, a party must fully develop the argument on which it relies. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Id.*; *accord Furniture, Mattresses & More LLC v. Tex. Rustic, Inc.*, No. 1:19-CV-00154-NT, 2019 WL 4674307, at \*9 (D. Me. Sept. 25, 2019). "Judges are not expected to be mindreaders," so "a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Zannino*, 895 F.2d at 17 (quoting *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)). Accordingly, I conclude that the Plaintiff has waived her right to respond to either of these two arguments and concedes the Defendant's points.

The Plaintiff spends the bulk of her opposition arguing that the Defendant's arguments are precluded by res judicata, claim preclusion, and collateral estoppel because the Defendant previously filed a motion to dismiss before the Federal Circuit that did not raise all of the arguments that the Defendant now makes. Pl's Opp'n 2–3, 5–7. This argument, too, is entirely undeveloped. The Plaintiff cites only one case in support of her definition of res judicata, Pl.'s Opp'n 2 n.6, but she makes no effort to explain how the Defendant's failure to assert its timeliness argument before the Federal Circuit (where her suit was timely) would bar the Defendant from asserting its timeliness argument in her suit in this Court (where her suit is untimely). This argument is also waived as undeveloped.

6

Finally, the Plaintiff's failure to comply with Local Rule 7(b) also supports granting the Defendant's motion. A party opposing a motion is required to file a written objection within twenty-one days after the filing of the motion. D. Me. Loc. R. 7(b). If an opposing party fails to raise an objection by that deadline, that party "shall be deemed to have waived objection" to the motion. D. Me. Loc. R. 7(b). Local Rule 7(b) also requires any objection to a motion to "include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based." D. Me. Loc. R. 7(b). The Plaintiff's response to the Defendant's motion was due, pursuant to Local Rule 7(b), no later than March 16, 2021. That deadline was noted on the docket. *See* ECF No. 33. The Plaintiff filed her response to the Defendant's motion thirty days after this deadline passed (fifty-one days after the Defendant's motion was filed). Because the Plaintiff failed to raise her objections, as required by local rule, she is "deemed to have waived" any objection at all. The Plaintiff's failure to comply with Local Rule 7(b) separately justifies granting the Defendant's motion. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002))).

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Defendant's motion to dismiss and **DISMISSES** the Complaint for lack of jurisdiction.


SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 7th day of May, 2021.